UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD McCOY,

    Petitioner,

vs.                                     Case No.:    3:13-cv-706-J-32JRK

SEC'Y, FLA. DEP'T OF CORRECTIONS,
et al.

    Respondent.
_____/

**ORDER**

       This case is before the Court in regard to Petitioner Richard McCoy's Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 13). Petitioner is a death row inmate, and the Court has appointed Linda McDermott, Esq., to represent him in this matter. (Doc. 9). Currently before the Court are various pro se motions, in which Petitioner seeks to represent himself (Doc. 45), to hold the § 2254 proceedings in abeyance (Doc. 47), to dismiss his court-appointed lawyer (Doc. 48), and to amend a previously-filed pro se habeas corpus petition (Doc. 50). Petitioner filed several similar motions before, which the Court denied in a previous order. (See Doc. 36). Petitioner attempted to appeal this previous order and moved for a certificate of appealability (COA) (Doc. 42), but the Eleventh Circuit dismissed the appeal for lack of jurisdiction (Doc. 44). Thus, the motion for a COA is now moot.

1

**A. Petitioner's motion for self-representation (Doc. 45)**

Petitioner cites <u>Faretta v. California</u>, 422 U.S. 806 (1975), for the proposition that he has the right to represent himself in the federal habeas proceeding. The Supreme Court has held that the right to self-representation only extends to trial, and not direct appeal. <u>Martinez v. Court of Appeal of California, Fourth Appellate Dist.</u>, 528 U.S. 152, 163 (2000). The Supreme Court explained that in the appellate context, the balance between the government's interest in the integrity and efficiency of the proceedings and the defendant's interest in self-representation shifts in the government's favor. <u>Id.</u> at 162. That is because once the defendant has been convicted, the presumption of the defendant's innocence reverses to a presumption of guilt, and the petitioner is no longer seeking "to fend off the efforts of the State's prosecutor but rather to overturn a finding of guilt made by a judge or a jury below." <u>Id.</u> at 162-63 (quoting <u>Ross v. Moffitt</u>, 417 U.S. 600, 610 (1974)).

By that same logic, the right to self-representation recognized in <u>Faretta</u> does not extend to a federal habeas proceeding such as this one. Petitioner is no longer seeking to fend off the efforts of the State's prosecutor, but to overturn his conviction and death sentence. Petitioner's appointed lawyer, Ms. McDermott, is an experienced post-conviction attorney; permitting Petitioner to proceed <u>pro se</u> with a capital habeas case will not promote the integrity and efficiency of these proceedings. Accordingly, this motion is due to be denied.

**B. Petitioner's motion to hold § 2254 case in abeyance (Doc. 47)**

Petitioner's pro se motion to hold the § 2254 proceedings in abeyance is due to be stricken. For one, Petitioner was represented by counsel at the time he filed the motion pro se, without leave from the court. Local Rule 2.03(d) provides that "[a]ny party for whom a general appearance of counsel has been made shall not thereafter take any step or be heard in the case in proper person, absent prior leave of Court…." Thus, the motion was improperly filed. Second, Petitioner has not demonstrated that an abeyance is warranted, because he has failed to show either that his unexhausted claims have any potential merit, or that an abeyance is not just an intentional dilatory tactic. See Rhines v. Weber, 544 U.S. 269, 277 (2005) (an abeyance of § 2254 proceedings is warranted to permit exhaustion of claims in state court where petitioner shows (1) good cause for not having raised the claims earlier, (2) that the unexhausted claims have potential merit, and (3) that he is not engaging in intentionally dilatory litigation tactics). Accordingly, this motion is due to be stricken.

**C. Petitioner's motion to dismiss Ms. McDermott and appoint substitute counsel (Doc. 48)**

Petitioner moves to dismiss his court-appointed habeas attorney, Linda McDermott, and to replace her with another court-appointed lawyer. Petitioner has already dismissed his first habeas attorney (Doc. 9), and now seeks to dismiss the second. Petitioner has previously filed numerous motions and notices seeking to dismiss Ms. McDermott (Docs. 16, 20, 21, 22, 27, 28, 29), alleging that she is undermining his habeas petition by not raising issues that he insists on raising, that

3

her workload is too large to allow her to devote attention to his case, and that there is generally a lack of trust, honesty, and attention to his cause. The Court denied those motions in a previous order. (Doc. 36). Now, Petitioner raises those same concerns, but adds that there is an irreconcilable conflict because Ms. McDermott allegedly dislikes Muslims, which Petitioner claims to be. (Doc. 48 at 2-3). Petitioner suggests that Ms. McDermott is intentionally undermining his habeas petition because of animus towards Islam. (Id. at 3). Petitioner alleges that "by abandoning her 'ethical responsibility' agent (McDermott) miss[ed] out on at less [sic] 10-13 issues that could have possibly gotten Mr. McCoy a new trial." (Id. at 4). Petitioner does not explain what those 10-13 issues were, or why they were meritorious.

      The Court pauses to note that Ms. McDermott is an experienced death penalty lawyer who has successfully represented a number of death row inmates over the years. It would be extraordinarily uncharacteristic of her to intentionally undermine a client's habeas case because of that client's religion. Indeed, one of the very arguments McDermott made in the habeas petition was that Petitioner suffered prejudice at the hands of the jury because trial counsel did not object to a juror's comments about Petitioner's Muslim faith. (See Doc. 13 at 36-38). It seems improbable that McDermott herself would then try to sabotage the habeas petition because he is Muslim. Petitioner's accusation is all the more dubious in light of the fact that Petitioner only began alleging that counsel has animus toward him on account of his faith after the Court denied his first batch of motions to dismiss McDermott. (Compare Doc. 36 with Doc. 38). Thus, it appears that Petitioner is

4

simply trying to come up with new reasons to have counsel dismissed.[1]  Examining Petitioner's other motions (see Docs. 45, 47, 50), it appears that at the bottom of it, Petitioner is frustrated that counsel is not amending his petition to raise every issue he wants to raise, and that counsel is not moving to hold the instant § 2254 motion in abeyance while he attempts to exhaust more claims in state court.[2]

Pursuant to 18 U.S.C. § 3599(e), a habeas petitioner may move to substitute court-appointed counsel.  Martel v. Clair, 132 S. Ct. 1276, 1280 (2012).  Whether to substitute habeas counsel is within the district court's discretion, and the court should evaluate the motion according to whether granting it would be in the "interests of justice."  Id.

> In making this determination, the court should consider a variety of factors, including "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for the complaint, including the extent of the conflict or breakdown in communication between lawyer and client."

Brown v. United States, 720 F.3d 1316, 1336 (11th Cir. 2013) (quoting Clair, 132 S. Ct. at 1287).  Additionally, the court should examine why the petitioner wants a new attorney.  Clair, 132 S. Ct. at 1287.

In Clair, the defendant sought to replace his habeas attorneys, alleging that they had inadequately investigated his innocence, and that the lawyers would not

---

[1]   For her part, Ms. McDermott has not joined in Petitioner's request for substitute counsel, nor has she indicated that there is an irreconcilable conflict with her client.

[2]   Petitioner has stated that he filed a petition for a writ of habeas corpus in the Florida Supreme Court.  The Florida Supreme Court's docket reflects that it dismissed that petition in November 2014.  (Case No. SC14-1601, Docket Entry for 11/06/2014); McCoy v. Crews, 160 So. 3d 896 (Fla. 2014) (unpublished).

press his innocence claim in the district court as far as he wanted them to. Id. at 1288. Notably, Clair's own lawyers agreed with the request, stating "that 'the attorney-client relationship ha[d] broken down to such an extent that substitution of counsel [would be] appropriate.'" Id. at 1283. The district court nevertheless denied the motion. The Supreme Court found that the district court did not abuse its discretion, id. at 1280, and observed that had the district court replaced Clair's habeas counsel, a new lawyer coming in at such a late stage of the habeas proceedings would have faced significant obstacles, id. at 1288-89. Accordingly, the Supreme Court found that the district court "acted within its discretion in denying Clair's request to substitute counsel, even without the usually appropriate inquiry. The court was not required to appoint a new lawyer just so Clair could file a futile motion." Id.

By contrast, the Supreme Court held that a district court abused its discretion in refusing to replace existing habeas counsel where counsel had untimely filed the inmate's § 2254 petition. Christeson v. Roper, 135 S. Ct. 891, 892 (2015). Consequently, habeas counsel were in the position of having to argue for equitable tolling based "on their own malfeasance," which the Court noted they could not be reasonably expected to do given how it would "threaten[ ] their professional reputation and livelihood." Id. at 894. The Court noted that while any subsequent motion substitute counsel might file on petitioner's behalf would face serious procedural obstacles, it would not necessarily be futile. Id. at 895. Accordingly, the

Court remanded for further proceedings in order to give the petitioner the benefit of substitute counsel in pursuing what remedies he had left.

The futility or non-futility of substituting habeas counsel is also a consideration in the Eleventh Circuit's cases. In Brown, 720 F.3d 1316, supra, the court found that a district court did not abuse its discretion in declining to substitute habeas counsel, both because the type of motion the petitioner wanted counsel to pursue would have been futile, id. at 1335-37, and because of the delay in counsel's motion to withdraw from the case, id. at 1337 n.4. Later, in Chavez v. Sec'y, Fla. Dep't of Corr., 742 F.3d 940 (11th Cir. 2014), the court again affirmed a district court's refusal to substitute habeas counsel because doing so, merely to allow the petitioner to pursue non-cognizable or time-barred claims, would have been futile, id. at 944-47.

In this case, the Court has already considered, and denied, Petitioner's previous motions to dismiss or substitute Ms. McDermott. (See Doc. 36). Underlying Petitioner's motions, including the instant one, remains his apparent dissatisfaction with counsel for (1) not amending his habeas petition to include every claim he wants her to raise; and (2) not moving the Court to hold the § 2254 petition in abeyance while he exhausts state remedies. However, Petitioner does not identify what claims counsel should amend the petition to include, or why they would have had merit. Even if such claims did have merit, Petitioner fails to recognize that given 28 U.S.C. § 2254's statute of limitations, substitute counsel could not amend his habeas petition to include new claims anyway, unless they "ar[o]se from the same core facts as the timely filed claims." Mayle v. Felix, 545 U.S. 644, 657 (2005). Such a common core

of facts would have to relate to a specific transaction or occurrence, for the trial or sentencing hearing themselves are not a sufficiently specific common core of facts to permit relation-back. See Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003). Petitioner has not described with any specificity what claims he would amend the petition to include, let alone whether they arise from a specific set of facts in common with the claims in Petitioner's timely-filed habeas petition.³ As such, substituting counsel in order to file an untimely, amended habeas petition would be an exercise in futility.

Equally futile would be substituting counsel so that the next lawyer could move the Court to hold these proceedings in abeyance while Petitioner exhausts state remedies. Although Petitioner had filed a petition for a writ of habeas corpus in the Florida Supreme Court, he ignores that the Florida Supreme Court dismissed that petition in November 2014. McCoy, 160 So. 3d 896. Petitioner does not refer the Court to any other efforts under way to exhaust state remedies. Thus, dismissing

---

³  If either of Petitioner's attempted pro se amended habeas petitions (Doc. 32; Doc. 50-1), are any indication of what claims he would want substitute counsel to add, they indeed would not relate back. The first five grounds of Petitioner's pro se petition are allegations of ineffective assistance of trial counsel for not objecting to certain prosecutorial statements (Doc. 32 at 11-29; Doc. 50-1 at 11-29). These particular prosecutorial statements were not a transaction or occurrence that formed the basis of any of the grounds raised in Petitioner's counseled habeas petition. (Compare with Doc. 13 at 33-62). As such, an amended petition adding these claims would fail to relate back. See Farris, 333 F.3d at 1215. The remaining claims in Petitioner's pro se petition (Grounds Six through Fifteen of Doc. 32, Grounds Six through Fourteen of Doc. 50-1), were already raised in the counseled habeas petition. (Compare Doc. 13 at 33-62 with Doc. 32 at 29-59; Doc. 50-1 at 29-58). Thus, if Petitioner's pro se petition is any indication of the claims he would want substitute counsel to include, such a substitution would be futile.

Ms. McDermott for the purpose of having substitute counsel move the Court to hold the § 2254 proceedings in abeyance would be pointless; there is no basis for suspending the proceedings.

Overall, the Court observes that Ms. McDermott filed a timely and substantial habeas petition on Petitioner's behalf, which raised numerous claims and sub-claims for relief. (See Docs. 13, 14). Current counsel is already familiar with the record and the arguments relevant to his petition. Substituting habeas counsel would only delay the proceedings, and it would require the next attorney to familiarize herself with the record in medias res. Moreover, because substitute counsel would have to invest time simply in familiarizing herself with the record and the arguments (to which the next lawyer likely could not add new ones), granting Petitioner's request is not likely to benefit his cause. On the record before the Court, it does not appear that substituting counsel would be in the interests of justice, and thus this motion is due to be denied.

### D. Petitioner's motion to amend a previously-filed pro se habeas petition (Doc. 50)

The additional claims included in the pro se amended petition (Doc. 50-1) would not qualify to relate back, and therefore would be untimely. See p. 8 n.3, supra. Therefore, the motion is due to be stricken. (See Doc. 51).

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Richard McCoy's pro se motion for a certificate of appealability (Doc. 42) is **DENIED AS MOOT**.

2. Petitioner's "Motion Requesting to Represent Self and to Have Standby Counsel Appointed" (Doc. 45) and "Motion to Dismiss Registry Counsel (Linda McDermott)" (Doc. 48) are **DENIED.**

3. Petitioner's motion to hold the § 2254 proceedings in abeyance (Doc. 47) is **STRICKEN**.

4. Respondent's Motion to Strike Second Pro Se Amended Habeas Petition (Doc. 51) is **GRANTED**, and Petitioner's pro se motion to amend the habeas petition (Doc. 50) is **DENIED**.

5. Consistent with the Court's prior order (Doc. 36), the Clerk of Court shall strike and return any pro se pleadings submitted for filing in this case in the future.[4] Because Petitioner is represented by counsel, he is not permitted to file pro se pleadings in this case. See Local Rule 2.03(d).

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of June, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Counsel of record
Petitioner Richard McCoy

---

[4] The Clerk shall electronically file pro se pleadings so that counsel are aware of their contents, but the Clerk shall strike and return the pro se filing immediately after doing so.